# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CARLOS OCASIO VAZQUEZ,

        Plaintiff,

v.                                                Case No. 6:20-cv-2361-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.
_____

## OPINION AND ORDER[2]

### I. Status

Carlos Ocasio Vazquez ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of a herniated disc in his back, muscle spasms in his shoulders, and high blood pressure. Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed July 1, 2021, at 41, 50, 279. Plaintiff filed an

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed July 1, 2021; Reference Order (Doc. No. 17), entered July 6, 2021.

application for DIB on March 2, 2018, alleging a disability onset date of December 19, 2016.³ Tr. at 239-47, 248-56; see Tr. at 236-38. The application was denied initially, Tr. at 40-47, 48, 84, 85-89, and upon reconsideration, Tr. at 49-59, 60, 93, 94-102.

On May 8, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 16-39; see also Tr. at 143, 145. Plaintiff was sixty years old at the time of the hearing. Tr. at 20. On June 17, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 67-76.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by Plaintiff's counsel. See Tr. at 4-5 (Appeals Council exhibit list and order), 233-35 (request for review), 342-44 (brief). On October 27, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On December 23, 2020, Plaintiff commenced this action through

---

³ Although actually filed on March 2, 2018, see Tr. at 239, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as March 1, 2018, see, e.g., Tr. at 40, 50, 236. Additionally, although the application summary lists December 19, 2016 as the alleged disability onset date, Tr. at 241, another summary in the administrative transcript lists December 1, 2016, Tr. at 236.

counsel under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges "[w]hether the ALJ conducted a proper transferable skills analysis." Joint Memorandum (Doc. No. 20; "Joint Memo"), filed October 15, 2021, at 5 (emphasis omitted). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart,

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 69-76. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since December 19, 2016, the alleged onset date." Tr. at 69 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: spine disorder, degenerative joint disease of bilateral shoulders, hypertension, obesity, sleep apnea." Tr. at 69 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 70 (emphasis and citation omitted).

The ALJ determined Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §] 404.1567(b) except [Plaintiff] could occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. [Plaintiff] could occasionally balance, stoop, kneel, crouch, and crawl. [Plaintiff] could occasionally reach above shoulder level bilaterally. [Plaintiff] must avoid concentrated exposure to fumes, odors, dust, and poor ventilation. [Plaintiff] must avoid hazards including heights and moving machinery.

Tr. at 71 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as "special agent." Tr. at 75 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("57 years old . . . on the alleged disability onset date" but "subsequently changed age category to closely approaching retirement age"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found that Plaintiff "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy," Tr. at 75 (some emphasis and citation omitted), such as "gate guard" and "security guard," Tr. at 76. The ALJ concluded Plaintiff "has not been under a disability . . . from December 19, 2016, through the date of th[e D]ecision." Tr. at 76 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)

(quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

Plaintiff contends "the ALJ did not apply the proper legal standard in determining that Plaintiff had transferable skills." Joint Memo at 5. More specifically, Plaintiff argues "the ALJ failed to apply the special rules for transferability that are applicable to claimants over the age of 60." Id. at 5-6.

In the fifth step of the sequential evaluation process, an ALJ considers a claimant's RFC, together with the claimant's "age, education, and work experience to see if [the claimant] can make an adjustment to other work." 20

C.F.R. § 404.1520(a)(4)(v); see also 20 C.F.R. § 416.920(a)(4)(v). As part of this consideration, an ALJ determines whether an individual has acquired skills from prior employment and whether they are transferable. See 20 C.F.R. §§ 404.1568, 416.968. "An ALJ relies on the testimony of a [VE] to determine what level of skill the claimant achieved in his [or her] past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs." Zimmer v. Comm'r of Soc. Sec., 211 F. App'x 819, 820 (11th Cir. 2006) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir.1999)); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)) (stating that an ALJ may pose a hypothetical question to a VE as part of the determination of whether the claimant can obtain work in the national economy).

"For a finding of transferability of skills to light work for persons of advanced age who are closely approaching retirement age (age 60 or older), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00(f); see also Barchard v. Comm'r of Soc. Sec., 628 F. App'x 685, 687 (11th Cir. 2015) (citing 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4)); Burton v. Sec'y of Health & Human Servs., 893 F.2d 821, 824 (6th Cir. 1990) ("It is not enough . . . that the claimant possesses transferrable skills; their transfer must require little if any vocational adjustment."). The "semiskilled or

skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation." SSR 82-41, 1982 WL 31389, at *5; see also 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4).

Here, during the hearing, the ALJ presented a hypothetical to the VE that included Plaintiff's RFC restrictions, and the VE testified that Plaintiff would not be able to return to his past work as a special agent with the hypothetical restrictions. Tr. at 34. The ALJ then asked the VE whether Plaintiff "possess[es] any transferrable skills," to which the VE replied: "Yes, [Plaintiff] does possess transferable skills, and those skills would be that of investigating and protecting." Tr. at 34-35. The VE then asked the ALJ, "would you like some examples of transfers to light work?" Tr. at 35. The ALJ said she would, and the VE testified that "the hypothetical individual could work as a gate guard" and "as a security guard." Tr. at 35.

In the written Decision, the ALJ found as follows. As of the alleged onset date of disability, Plaintiff "was 57 years old, which is defined as an individual of advanced age," and Plaintiff "subsequently changed age category to closely approaching retirement age." Tr. at 75 (emphasis omitted). Relying on the VE's testimony, the ALJ found Plaintiff "has acquired work skills from past relevant work," including "investigating and protecting." Tr. at 75 (some emphasis

omitted). Ultimately at step five, the ALJ found that Plaintiff's acquired skills are "transferable to other occupations with jobs existing in significant numbers in the national economy." Tr. at 75 (emphasis and citation omitted). Specifically, the ALJ recognized the VE was asked about a hypothetical "individual with the same age, education, past relevant work experience, and [RFC as Plaintiff], and which require skills acquired in [Plaintiff's] past relevant work but no additional skills," and the VE responded that the individual could perform jobs of gate guard and security guard. Tr. at 76.

Plaintiff contends the ALJ erred because she "did not make any factual findings about vocational adjustment" in the Decision. Joint Memo at 7. In support of this contention, Plaintiff relies on opinions from the United States Court of Appeals for the Ninth and Tenth Circuits that held ALJs erred in failing to make findings about vocational adjustment. Id. at 7-8 (citing Renner v. Heckler, 786 F.2d 1421, 1423 (9th Cir. 1986); Nielson v. Sullivan, 992 F.2d 1118, 1121-22 (10th Cir. 1993)). Plaintiff also compares the responsibilities of his past job of special agent to the responsibilities of the jobs of gate guard and security guard and argues he "would need to make more than a 'very little' adjustment in terms of work processes, work settings, and industry" in the latter two positions. Id. at 7, 6-7.

Responding, Defendant argues, notwithstanding the holdings of Renner and Nielson, that "neither the relevant regulation, 20 C.F.R. § 404.1568(d), nor

SSR 82-41 imposes [a] requirement on ALJs" that they "make an explicit finding" about whether other work is "so similar to . . . previous work . . . that [an individual] would need to make very little, if any, vocational adjustment." Joint Memo at 13. Defendant also contends that Renner and Nielson "are neither binding nor persuasive." Id. at 15 (citation omitted).

The undersigned assumes without deciding that an ALJ must make an explicit finding in a written Decision about vocational adjustment to comply with the applicable regulation and social security ruling. But, the ALJ's failure to do so here was harmless. The ALJ was obviously aware of and acknowledged in the Decision Plaintiff's "closely approaching retirement age" status. Tr. at 75 (emphasis omitted). The ALJ specifically asked the VE about transferrable skills and made findings about those skills in the written Decision. Tr. at 34, 75. In context, the VE's testimony shows that the VE testified to a hypothetical individual with Plaintiff's RFC and only transferrable skills being able to perform the jobs of gate guard and security guard. See Tr. at 34-35. The ALJ was permitted to rely upon this testimony in making the step five findings, and the testimony provides substantial evidence to support the findings. See Zimmer, 211 F. App'x at 820 (citing Jones, 190 F.3d at 1229); see also Klaasen v. Saul, 843 F. App'x 931, 931-32 (9th Cir. 2021) (finding an "ALJ did not err at step five by failing to determine whether [the plaintiff] would require little, if any, vocational adjustment to perform the job of material lister" when the ALJ

asked the VE about vocational adjustment, made specific findings about transferable skills, and stated that a person of the same "age, education, past relevant work, and RFC could, with these skills, perform the job of material lister").

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on June 17, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record